No. 1680.—H. A. BATTLES v. C. C. SIMMONS, MRS. BRACY, Garnishee.

The garnishment process can not be used as a substitute for a direct revocatory action, nor will the strict rules relative to the answers of garnishees be applied to answers to interrogatories whose only tendency is to assail titles to property.

APPEAL from the District Court parish of East Feliciana. *Posey*, J. *Cross & Hardee*, for plaintiff and appellant, *F. Hardesty*, for appellee.

HOWELL, J. The plaintiff having on ninth February, 1867, obtained a judgment for $944 13 with eight per cent. interest from December 1, 1861, against the defendant, C. C. Simmons, issued thereunder a garnishment process on twenty-third March following against Mrs. Mary C. Bracy to whom he propounded the following interrogatories:

Interrogatory 1. "Have you in your possession or under your control any property, rights or credits, notes or money, or property of any description belonging to the defendant, Charles C. Simmons, or are you indebted to him in any amount? If you answer yea, does the value of the property, rights, etc., as aforesaid, or the amount of your indebtedness equal the amount of the judgment of the plaintiff in this suit against Simmons?

2. "Have you, since the close of the war bought any property of any description from the said Simmons? If you have, state if you have paid for the same, and if so, what amount and how you paid for the same, giving a minute and exact description of the said property and a statement of the value thereof.

3. "State your account with the defendant since the close of the late war, say May 1, 1865, up to the time of answering these interrogatories, with specific items of debit and credit, showing what you have

received from the said defendant, under what kind of a contract you have received the same, how you have paid for the same, giving a thorough and definite account of your transactions with the said defendant.

4. "Have you not since the war bought a buggy and horse from the defendant? And if you answer yea, state what you paid and how you paid for the same. If you say no, state if you have ever had said horse and buggy in your possession or either of them, and under what title you have had them or either of them. Have you not got them or either of them in your possession, and if so, under what title?

5. "Have you ever been made the depositary of any money of the defendant, C. C. Simmons, obtained from his father's estate in West Feliciana or otherwise? If so, give a full account of the said deposit, and if you have paid over the same, state when and how, stating your account with items of debit and credit arising out of the said deposit."

These interrogatories, with the petition, were on the twenty-fifth March, 1867, served on Mrs. Bracy personally, who, without excepting to any of them, filed the following answers on the first April ensuing, to wit:

To interrogatory 1. "In answer to the first says no to all the inquiries embraced therein.

2. "To the second she says that she did, since the close of the war, buy some property of the said Simmons, but she paid him the cash for it, and owes him nothing. The amount of the property purchased and the value will be found of record in the recorder's office.

3. "To the third she says that she has had no account with the defendant more than already stated.

4. "To the fourth she says that since the war she bought a buggy from the defendant and paid him two hundred dollars. She had the said buggy in possession under the said purchase, the title by said purchase, has not said buggy in possession now, but is still hers.

5. "To the fifth she says she has never been the depositary of any money of defendant from any party.

(Signed) MARY C. BRACY."

The plaintiff then ruled the garnishee to show cause why judgment should not be rendered against her for the amount of his claim against the defendant for the reasons that her answers to the interrogatories are evasive, not categorical nor responsive to the questions therein contained, that she has wholly neglected to answer the second interrogatory and to give a full exhibit of her transactions with the defendant, that the answer to the fourth interrogatory is not responsive, that the answers to all the interrogatories show that there had been a series of transactions between the said parties within the time embraced in

said interrogatories, but that she has failed to state her account with the defendant called for by the third interrogatory; that the third, fourth and fifth, interrogatories served to call forth definite facts in order to ascertain if the said garnishee was under real legal liability to the defendant, and that her failure to answer the same amounts to confession that she owes the defendant sufficient to satisfy plaintiff's judgment.

Several motions and amendments were made to the rulings on which bills of exceptions were reserved, but which under the view of the case which we have taken, it is unnecessary to notice.

This appeal is taken from the judgment dismissing the above rule of plaintiff.

Keeping in mind the legitimate object and function of the attachment and garnishment process it is not difficult to see that the answers of the garnishee in this case are responsive to all the pertinent and material questions propounded. The plaintiff in his petition alleged that the garnishee had property belonging or was indebted to the defendant, and under the act of 1839, articles 246 and 247 C. P., he was authorized to propound such questions as will show what property and the nature and value thereof belonging to the defendant the garnishee had, or what sum she was indebted at the date of the service of the interrogatories to the defendant. To all such questions she gave responsive categorical answers, denying that she owed the defendant anything or had in her possession or control any property belonging to him. To the other questions tending covertly to attack her titles to property or show fraud in any of her previous transactions with the defendant, she gave answers which can not properly be construed into a confession of having any property of the defendant or being indebted to him. On the contrary she asserted the reality of her purchases from and dealings with the defendant, and informed the plaintiff where the record of them existed. If her answers were untrue he could have traversed them. If her purchases were fraudulent he could attack in the regular mode. The garnishment process can not be used as a substitute for a direct revocatory action, (17 L. 555; 1 R. 435; 2 A. 99; 3 A. 651) and the strict rules prescribed by articles 362, 363 and 364 C. P. relative to the answers of garnishees, will not be applied to answers to interrogatories, whose only tendency is to assail titles to property. In this case the answers show that the garnishee is not indebted to the defendant and has no property belonging to him, and the plaintiff has not disproved them.

Judgment affirmed.